JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB NO. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Christopher Boomer

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DISTRICT

| | |
|---|---|
| Christopher Boomer, an individual<br><br>Plaintiff,<br><br>v.<br><br>Alexander Koshkin, an individual<br><br>Defendant. | Case No: 24-cv-00255<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Christopher Boomer, for his complaint against Defendant Alexander Koshkin ("Defendant"), alleges as follows:

## NATURE OF THE CASE

1. This action arises from Defendant's *Get Muscles Simulator* game that infringes Mr. Boomer's intellectual property rights in his *Weight Lifting Simulator* and *Muscle Legends* games. Defendant attempted to exploit Mr. Boomer's *Weight Lifting Simulator* and *Muscle Legends* by making a clone that incorporates protectable and distinctive elements of the games. By this action, Mr. Boomer seeks to stop Defendant's unlawful conduct, and recover the losses he has suffered and will continue to suffer every day that the infringing game remains on the market, including any profits that Defendant has gained from its unlawful infringement.

## PARTIES

2. Mr. Boomer is an individual residing in the United Kingdom.

3. Mr. Boomer believes and therefore alleges that Alexander Koshkin is an individual located at 1 Cape Victoria, Aliso Viejo, California, 92656.

4. Mr. Boomer believes and therefore alleges that Alexander Koshkin owns, operates, and distributes games, including *Get Muscles Simulator*, through the Roblox account "Self Games."

## JURISDICTION AND VENUE

5. Mr. Boomer brings this action pursuant to 17 U.S.C. §§ 101, 106, 501, and 512 et seq. (the United States Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).

6. This Court has personal jurisdiction over Defendant because Defendant consented in writing to the jurisdiction of this Court in a DMCA counter-notification, which Defendant submitted to Roblox on or about January 31, 2024.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), because this is a judicial district in which a substantial part of the events

giving rise to the claims occurred, and/or in which Mr. Boomer's injury was suffered.

## THE PARTIES' RESPECTIVE GAMES

8. Mr. Boomer is a game developer who creates video games distributed via an online game platform provided by Roblox Corporation ("the Roblox Platform"). He has been creating and hosting games on the Roblox Platform since 2017 and is ranked as one of Roblox's top 100 developers.

9. Mr. Boomer is the sole author of a game titled *Weight Lifting Simulator*, first released by Mr. Boomer on the Roblox Platform on August 17, 2017. Mr. Boomer released a subsequent version of *Weight Lifting Simulator* on the Roblox Platform on September 12, 2018. Mr. Boomer then released a subsequent version of the game, retitled *Muscle Legends*, on the Roblox Platform on August 9, 2019. This Complaint shall refer to these versions collectively as Mr. Boomer's "Weightlifting Games." The Weightlifting Games feature a play area with weights, benches, treadmills, and other objects players can interact with through an avatar. Interacting with these objects will increase in-game numeric representations of an avatar's strength, speed, and other attributes, which can make an in-game avatar appear larger and stronger. When a player's avatar reaches certain attribute thresholds, they are also able to enter new areas of the map with different designs and features. A player's avatar may engage in combat with avatars of other players in one-on-one matches or free-for-all "brawls."

10. Mr. Boomer holds U.S. copyright registrations for the Weightlifting Games. *See* U.S. Copyright Reg. Nos. TX0009098098, TX0009098172, and TX0009104854.

11. On or about January 26, 2022, Defendant published its game, called *Get Muscles Simulator*, to the Roblox Platform. Defendant's infringing game appears to be based on the same idea and features the same underlying mechanics as Mr. Boomer's Weightlifting Games: player avatars interact with various in-game

objects to increase in-game attributes and can battle other avatars. But Defendant's copying goes well beyond using the same idea and mechanics featured in Mr. Boomer's Weightlifting Games; the infringing game blatantly copies Mr. Boomer's protectable expression, including, *inter alia*, its artwork, level design, animations, design aesthetics, game pieces, user interface and the selection and coordination of game elements, colors, and shapes.

## DEFENDANT'S COPYING

12. Mr. Boomer believes and therefore alleges that, after he released his Weightlifting Games on the Roblox Platform, Defendant had access to his games through this platform.

13. Mr. Boomer believes and therefore alleges that Defendant developed and launched an infringing game called *Get Muscles Simulator* (Roblox ID 8647149531), a copycat game designed to free-ride on the success of Mr. Boomer's Weightlifting Games.

14. Defendant's *Get Muscles Simulator* copies core protected and distinctive elements of Mr. Boomer's Weightlifting Games. Indeed, the presence of these elements in Defendant's game makes it readily apparent that it is a blatant clone of Mr. Boomer's game. As the non-exhaustive examples below show, the main elements of Defendant's *Get Muscles Simulator* are substantially similar to the constituent elements of Mr. Boomer's Weightlifting Games that are original. Mr. Boomer's Weightlifting Games are filled with original expression that he created, including its artwork, design aesthetics, layouts, level designs, user interfaces, and the selection and coordination of game elements, colors, and shapes. It is well established that copyright protects such expression in video games.

| Weightlifting Games (Mr. Boomer) | *Get Muscles Simulator* (Defendant) |
|---|---|
|  |  |
|  |  |



| **Weightlifting Games (Mr. Boomer)** | ***Get Muscles Simulator* (Defendant)** |
|---|---|
|  |  |
|  |  |

| Weightlifting Games (Mr. Boomer) | *Get Muscles Simulator* (Defendant) |
|---|---|
| | |
| | |
| | |



| Weightlifting Games (Mr. Boomer) | *Get Muscles Simulator* (Defendant) |
|---|---|
| CODES — Follow @Scriptbloxian on twitter to receive the latest codes! Type Code Here ENTER | Codes — Enter Code Here — Redeem |

15. Defendant did not take merely the basic idea of Mr. Boomer's Weightlifting Games, elements dictated by genre, or game mechanics. Rather, Defendant wholly appropriated the very creative elements that Mr. Boomer developed. Mr. Boomer carefully developed, selected, and coordinated colors, shapes, animations, level design, art, layouts, and design aesthetics to create a unique and engaging experience.

16. Examples of substantially similar elements in Defendant's game includes menus (e.g., the visual or textual contents, layout, and/or design of the stats menu and leaderboards), in-game objects (e.g., the look and feel of and animations for in-game treadmills, bench presses, and portals), and level design (e.g., a tiled central starting zone surrounded by tropical beaches and dotted with palm trees with workout equipment of various sizes, colorful leaderboards, and portals to other map levels).

17. Defendant could have developed any number of different and original games based on the same ideas as Mr. Boomer's Weightlifting Games, as there are countless possible configurations of levels and asset art. Instead, Defendant slavishly copied the creative, original combinations of elements that Mr. Boomer

selected to create a unique and engaging game experience.

18. The similarities between the games are not coincidental, especially when viewed in the aggregate and in the context of the entire effect the games have on the player. Nor are the similarities described above merely the result of two games existing in the same genre. They are the result of willful infringement by Defendant to poach the market for Mr. Boomer's Weightlifting Games.

19. Nor was Defendant's willful infringement dictated by function or required to make a successful game in the same genre. Rather, the elements copied by Defendant represent creative decisions by Mr. Boomer to design a unique and enjoyable game experience for players of his game. By so closely copying Mr. Boomer's Weightlifting Games, Defendant sought to mimic the same unique game experience that Mr. Boomer created.

20. Defendant's infringing game has threatened the success of Mr. Boomer's Weightlifting Games. For example, Mr. Boomer makes income through distribution of his games on the Roblox Platform, as well as related sales for in-game items for use in the games and income from Roblox Premium Payouts. For this reason, it is essential that Mr. Boomer's games be compelling and fun enough to attract players and keep them engaged so that they do not spend their time and money on competing games. Copycat games, including Defendant's game, threaten to steal away those players, interfere with Mr. Boomer's ability to acquire new players and retain existing players, and harm his ability to earn money from the original game he created. By this action, Mr. Boomer seeks to prevent Defendant from any past or further profiting from his infringement and any further harm to Mr. Boomer's business.

21. On January 24, 2024, Mr. Boomer submitted a Digital Millennium Copyright Act notification to Roblox showing that Defendant's game is an unauthorized clone of Mr. Boomer's Weightlifting Games and that Defendant infringes his copyrights.

22. On or about January 27, 2024, Defendant submitted a DMCA counter-notification to Roblox in which Defendant claimed to reside in the State of Montana, which, on information and belief, was a false statement. Subsequently, on or about January 31, 2024, Defendant submitted a DMCA counter-notification to Roblox responsive to Mr. Boomer's January 24, 2024, DMCA notification in which Defendant claimed to reside at 1 Cape Victoria, Aliso Viejo, California, 92656, and consented in writing to the jurisdiction of this Court.

## FIRST CAUSE OF ACTION

### (Federal Copyright Infringement)

23. Mr. Boomer re-alleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth herein.

24. Mr. Boomer's Weightlifting Games are original and creative expressive works that constitute copyrightable subject matter under 17 U.S.C. §§ 101 et seq. Mr. Boomer owns all rights and privileges for these works. Mr. Boomer registered copyrights in the Weightlifting Games with the United States Register of Copyrights.

25. Defendant had access to Mr. Boomer's Weightlifting Games by virtue of their distribution through the Roblox Platform.

26. Defendant copies substantial original elements of Mr. Boomer's Weightlifting Games.

27. The original elements of Mr. Boomer's Weightlifting Games that Defendant copied were and are copyrightable subject matter owned by Mr. Boomer. The only third-party material in Mr. Boomer's game is artwork associated with a small number of icons, and even then, the selection and coordination of such third-party artwork is copyrightable subject matter owned by Mr. Boomer.

28. By his actions described above, Defendant has infringed Mr. Boomer's copyrights by, without limitation, copying, publicly displaying, and distributing *Get Muscles Simulator* without authorization from Mr. Boomer.

29. On information and belief, Defendant's infringement has been deliberate and with willful disregard of Mr. Boomer's rights.

30. Defendant has realized unjust profits, gains, and advantages as a proximate result of his infringement. These gains are ongoing as the infringement continues. On information and belief, Defendant has the right and ability to control the infringing conduct including the ability to determine his own conduct, and Defendant can access and use his revenue from the infringing game. This revenue is a direct financial benefit to Defendant.

31. As a direct and proximate result of Defendant's infringement, Mr. Boomer has suffered, and will continue to suffer, actual damages. Mr. Boomer is entitled to his actual damages and any gains, profits, and advantages Defendant obtained through infringement.

32. Mr. Boomer has no adequate remedy at law for his current and prospective injuries. Defendant's continued wrongful conduct will cause Mr. Boomer irreparable injury that cannot be adequately remedied at law unless the court enjoins Defendant from further infringement.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff Christopher Boomer respectfully requests that this Court enter judgment against Defendant and grant the following relief:

A. A preliminary and/or permanent injunction restraining Defendant, and each of his agents, servants, employees, attorneys, successors and assigns, affiliates and all persons, firms, and corporations acting in concert with them, from directly or indirectly violating Mr. Boomer's rights under the Copyright Act;

B. An order directing that Defendant file with the Court and serve upon counsel for Mr. Boomer within thirty (30) days after entry of such order or judgment a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

C. An award to Mr. Boomer of damages he has sustained or will sustain

by reason of Defendant's conduct and all profits derived by Defendant from such conduct, or, at Mr. Boomer's election, statutory damages;

     D.     Mr. Boomer's costs and reasonable attorneys' fees;

     E.     Prejudgment and post-judgment interest; and

     F.     All such further and additional relief, in law or in equity, to which Mr. Boomer may be entitled or which the Court deems just and proper.

## JURY DEMAND

Christopher Boomer hereby demands a trial by jury on all issues and claims so triable.

Dated: February 7, 2024

Respectfully submitted,

*/s/ Ryan Tyz*
Ryan Tyz

Attorneys for Plaintiff
Christopher Boomer